■     In the Matter of JEAN BADEN, Appellant, v BOARD OF EDUCATION OF THE WHEATLAND-CHILI CENTRAL SCHOOL DISTRICT et al., Respondents.—Judgment affirmed, without costs, on the opinion at Special Term, Mastrella, J. All concur except Dillon, J., who dissents and votes to reverse the judgment and grant the petition in the following memorandum: Petitioner is a certified teacher who was employed for part of the 1973-1974 school year by the Wheatland-Chili Central School District. During the two succeeding years, she was employed by respondent BOCES, the proper title of which is Board of Cooperative Educational Services, Second Supervisory District, Monroe-Orleans Counties. At the conclusion of the 1975-1976 school year a decision was made by the school districts of Wheatland-Chili and Greece that the BOCES program in which petitioner was then employed would be assumed by the individual school districts. In such circumstances the rights of teachers to employment in either of the component school districts are determined by subdivision 4 of section 3014-b of the Education Law which provides: "In the event that more than one school district duly takes over the operation of a program formerly provided by a board of cooperative educational services, then each teacher employed in such program by such board of cooperative educational services at the time of such takeover by more than one school district, shall select the particular school district in which he shall be considered an employee, with all of the rights and privileges provided by the other provisions of this section. Such selection of the particular school district by such teacher is to be based upon each teacher's seniority in such board of cooperative educational services, with the right of selection passing from such teachers with the most seniority to such teachers with least seniority. Any such teacher who is unable to obtain a teaching position in any such school districts because the number of positions needed to provide the services required in such programs with such school districts are less than the number of teachers eligible to be considered employees of such school districts, shall be placed on a preferred eligible list in all such school districts in the method and with all of the rights provided by the other provisions of this section." When petitioner was advised of the take-over at the close of the school year, she requested that she be employed in the Greece district. She was then third in seniority among four BOCES teachers who chose employment in the Greece district. It appeared at that time, and petitioner was so informed, that only two positions would be available in the Greece district for the next succeeding school year and petitioner convincingly asserts that she was left with no alternative other than reluctantly to accept employment in the Wheatland-Chili district for the succeeding year. Before the next school year commenced, however, additional positions became available in the Greece district and it stands undisputed in the record that she immediately sought employment in that district. Her request was denied and other teachers of

less seniority were appointed in the Greece district. In the circumstances of this case, where petitioner made her initial selection pursuant to the Education Law under the mistaken belief on both her part and that of her superiors that her seniority was not such as would qualify her for a position in her preferred district in the succeeding year, her subsequent demand for employment in her preferred district, made in advance of the commencement of the succeeding school year and immediately upon the availability of a position for which she qualified, should have been honored. In my view, the clear purpose and intent of subdivision 4 of section 3014-b of the Education Law required that result. (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Cardamone, J. P., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.